```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
ROSALY RAMIREZ, ET AL.,

                    Plaintiffs,           13 Civ. 2367 (JGK)

       - against -                         MEMORANDUM OPINION
                                           AND ORDER
RIVERBAY CORP, ET AL.,

                    Defendants.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

In an Opinion announced in open court on December 20, 2013, the Court granted the plaintiffs' motion for conditional certification of a collective action pursuant to Section 216(b) of the Fair Labor Standards Act. (Dec. 20, 2013 Hr'g Tr. at 59.) The Court directed the parties to meet and confer to determine the language of the notice to be sent to putative members of the collective, and to report back to the Court within thirty days with their agreed-upon language and any remaining points of disagreement. (Dec. 20, 2013 Hr'g Tr. at 57-58, 59.) In letters to the Court dated January 23, 2014 and January 27, 2014, the parties have indicated that they have agreed upon the content of the proposed notice, with the exception of six remaining points of disagreement. The Court **accepts** the agreed-upon language of the notice, and **accepts in**

**part and rejects in part** the defendants' proposed modifications to the notice.

First, in Sections 1, 10, and 13 of the notice, the defendants have proposed language advising putative members of the collective that they are not obligated to join the collective. However, the language of the notice already clearly indicates that would-be members of the collective are not obligated to join the lawsuit, and these proposed modifications can therefore serve no purpose other than to discourage plaintiffs with valid claims from opting in to the collective. (<u>See</u> Dec. 20, 2013 Hr'g Tr. at 55-56.) Accordingly, the defendants' proposed modifications to Sections 1, 10, and 13 advising plaintiffs of the right not to join the lawsuit are **rejected.**

Second, the defendants have proposed an admonishment in Section 1 of the notice that "the Court takes no position as to whether an employee should or should not join the case." This is an accurate statement of the Court's position, and the language will not have any undue influence on a would-be plaintiff's decision to join the lawsuit. The proposed addition of the specific language quoted here is therefore **accepted.**

Third, in Section 5 of the notice, the defendants have proposed advising that the defendants reserve their right to "seek a judgment against any person joining this lawsuit as a Plaintiff to pay for any attorneys' fees and costs the Defendants incur in this lawsuit." This proposal ignores the Court's ruling in its December 20 Opinion that the notice need not warn would-be plaintiffs of the remote possibility that they could be liable for costs and attorneys' fees. (See Dec. 20, 2013 Hr'g Tr. at 54-55.) Accordingly, the defendants' proposed modification to Section 5 is **rejected**.

Fourth, in Section 10 of the notice, the defendants have proposed advising potential plaintiffs of their right to contact defense counsel, either directly or through a union representative, to attempt to settle or arbitrate their claims without litigation. In its December 20 Opinion, the Court rejected language proposed by the defendants advising the plaintiffs of their right to settle. (See Dec. 20, 2013 Hr'g Tr. at 55-56.) For precisely the reasons expressed in that Opinion, the defendants' proposed modification to Section 10 of the notice advising the plaintiffs of their right to pursue alternatives to litigation is **rejected**.

Fifth, in Section 11 of the notice, the defendants have proposed advising potential plaintiffs that "in the event of a

3

settlement or judgment in favor of the Plaintiffs, some Plaintiffs including the named Plaintiffs may authorize a settlement where they receive more payment than you receive." There is no explanation why the payment of a valid fee to plaintiffs who expend time in pursuing their claims should be used to discourage other plaintiffs from joining the collective. This language has the primary effect of attempting to dissuade putative members of the collective from pursing possibly valid claims, and is therefore **rejected**.

Sixth, the defendants have proposed that the consent-to-join form at the end of the notice require the plaintiffs to certify under penalty of perjury that they were subjected to one or more of the alleged illegal wage and hour policies upon opting in to the collective.  This is a transparent scare tactic that may deter plaintiffs with possibly valid claims from joining the lawsuit, and this proposal is therefore **rejected**. The defendants have also proposed that the consent-to-join form require the plaintiffs to list the specific dates on which they were not paid overtime compensation, and the amounts by which they were underpaid.  This addition imposes an unfair burden on would-be plaintiffs, who may not have had the opportunity to consult counsel and who have not had access to any of their employer's records regarding compensation.  Certification at

4

this stage is conditional and can be revisited after more substantial discovery has been conducted.  Accordingly, this proposed addition to the consent-to-join form is **rejected.**

For the foregoing reasons, the language of the proposed notice that has been agreed upon by the parties is **accepted,** and the defendants' proposed modifications to the agreed-upon language are **accepted in part and rejected in part**, as indicated above.

**SO ORDERED.**

**Dated:    New York, New York**
**          January 30, 2014**                _____/s/_____
                                                       **John G. Koeltl**
                                              **United States District Judge**