UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSALY RAMIREZ, KATHERINE BELL, LORNA
THOMAS, LINDA WILLIAMS and JONATHAN
FRIAS, on behalf of themselves and all others similarly       13-CIV-2367 (JGK)
situated,

        Plaintiffs,

  v.

RIVERBAY CORP., MARION SCOTT REAL
ESTATE, INC., VERNON COOPER, and
PETER MEROLA,

        Defendants.
-------------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**


              **TRIVELLA & FORTE, LLP**
              1311 Mamaroneck Avenue, Ste. 170
              White Plains, New York 10605
              (914) 949-9075/ (914) 949-4752 (facsimile)
              Jonathan Bardavid (JB 0072)
              jonathan@tfsllp.com
              *Attorneys for the Defendants*
              *Riverbay Corporation, Marion Scott Real Estate,*
              *Inc., Vernon Cooper, and Peter Merola*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** .................................................................................................. 3

    I.  FACTS ……………………………………………………………………………....3

    II. ARGUMENT ………………………………………………………………………….8

    A.  The Named Plaintiffs Are Not Owed Any Wages on Account of the Alleged Failure to Include Nighttime Differential in the Calculation of the Regular Rate of Pay for Overtime Purposes..……………………………………………………………………………8

    B.  The Named Plaintiffs Have Failed to Establish that They Received Compensatory Time in Lieu of Hours Worked in Excess of Forty Hours in a Week………………………………………………………………………………………11

    C.  Rosaly Ramirez and Jonathan Frias Were Paid in Full for Any Compensatory Time the May Have Received…………………………………………………………...12

    D.  The Plaintiffs' New York Labor Law and FLSA Overtime Claims Regarding Nighttime Differential and Compensatory Time are Preempted by Section 301 of the Labor Management Relations Act……………………………………………………………13

    III.  CONCLUSION…………………………………………………………………….15

# TABLE OF AUTHORITIES

**Cases**
Allis-Chalmers v. Lueck, 471 U.S. 202, 213, 105 S.Ct. 1904 (1985) ........................................... 14
Ayers v. SGS Control Servs., Inc., 03 CIV. 9078(RMB), 2007 WL 3171342 (S.D.N.Y. Oct. 9, 2007) ......................................................................................................................................... 12
Electrical Workers v. Hechler, 481 U.S. 851, 859 n. 3., 107 S.Ct. 2161 (1987). ......................... 14
Hoops v. KeySpan Energy, 794 F.Supp.2d 371 (E.D.N.Y. 2011) ................................................ 14
Johnson v. D.M. Rothman Co., Inc., 861 F. Supp. 2d 326, 334 (S.D.N.Y. 2012) ......................... 9
Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) ........... 8, 11
Lupien v. City of Marlborough, 387 F.3d 83, 88 (1st Cir. 2004) ................................................. 12
Moon v. Kwon, 248 F. Supp. 2d 201, 227 (S.D.N.Y. 2002) ..................................................... 8, 11
O'Rourke v. Carmen M. Pariso, Inc., 501 F.Supp.2d 445, 449 (W.D.N.Y. 2007) ....................... 14
Salamea v. Macy's E., Inc., 426 F. Supp. 2d 149, 155 (S.D.N.Y. 2006) ..................................... 14
Scott v. City of New York, 592 F. Supp. 2d 501, 508 (S.D.N.Y. 2008) ................................. 12, 13
Tand v. Solomon Schechter Day School of Nassau County, 324 F.Supp.2d 379, 383 (E.D.N.Y. 2004) ........................................................................................................................................ 14

**Rules**
29 C.F.R. § 778.202 ...................................................................................................................... 11

## PRELIMINARY STATEMENT

The Defendants Riverbay Corporation, Marion Scott Real Estate Inc., Mr. Vernon Cooper and Mr. Peter Merola, (hereinafter collectively the "Defendants") respectfully submit this Memorandum of Law in Opposition to the Partial Motion for Summary Judgment filed by Rosaly Ramirez, Jonathan Frias, Katherine Bell, Lorna Thomas and Linda Williams ("Named Plaintiffs") and in support of Defendants' Motion for Partial Summary Judgment. As set forth herein Plaintiffs' motion is based upon conclusory statements none of which are sufficient to entitle them to partial summary judgment.  Specifically, Plaintiffs have failed to establish that any of the alleged policies resulted in them not being compensated fully for all hours worked in excess of 40 in any given week, which is fatal to their claim.  Moreover, the undisputed facts establish that none of the Named Plaintiffs were damaged by the alleged failure to include nighttime differential pay in their regular rate of pay for the calculation of overtime and in fact the Named Plaintiffs were overpaid.  Thus, Defendants are entitled to summary judgment on this claim.  Likewise, as Rosaly Ramirez and Jonathan Frias received payment in full for all of their earned but unused compensatory time when their employment with Riverbay Corporation ("Riverbay") ended, Defendants are entitled to summary judgment on these claims as well. Lastly, as the claims that are the subject of the instant motion require interpretation of the applicable collective bargaining agreements, they are preempted by Section 301 of the Labor Management Relations Act.

## FACTS

Riverbay is a domestic business corporation which manages a New York State Mitchell-Lama housing cooperative in the Northeast Bronx known as "Co-Op City."  Co-Op City is comprised of 35 buildings and 7 townhouse clusters which total 15,372 residential units.  On or

about April 8, 2013, the Named Plaintiffs filed a complaint alleging that they were not properly compensated as required by the Fair Labor Standards Act and New York Labor Law ("NYLL"). On or about February 6, 2014 the Named Plaintiffs filed a motion for partial summary judgment asserting that they were entitled to judgment on their claims that Defendants: 1) Failed to include the nighttime differential pay when calculating overtime; and 2) improperly provided them compensatory time in lieu of overtime.

The Named Plaintiffs are all current or former employees of Riverbay. Plaintiffs Lorna Thomas, Katherine Bell and Linda Williams at all relevant times were members of Office & Professional Employees International Union Local 153, AFL-CIO ("Local 153"). See Thomas Declaration at ¶ 3; Bell Declaration at ¶ 3; Williams Declaration at ¶ 3. The Collective Bargaining Agreement between Local 153 and Riverbay for the period February 1, 2007 through and including January 31, 2010 provides that "all work performed on Saturday, or the 6th day of the work week, shall be paid for at the rate of time and one-half the regular hourly rate of pay, unless at the time of employment there was an agreement between the Employer and the Union that Saturday would be part of the employee's regular work week." See Declaration of Jonathan Bardavid, dated March 10, 2014 ("Bardavid Declaration"), Exhibit 1 at p. 7.

The Collective Bargaining Agreement between Local 153 and Riverbay for the period February 1, 2007 through and including January 31, 2010 also provides that, "[a]ll work performed on Sunday, or the 7th day of the work week shall be paid for at twice the regular hourly rate of pay unless at the time of employment there was an agreement between the Employer and the Union that Sunday would be part of the employee's regular work week." See Bardavid Declaration, Exhibit 1 at p. 7. The Collective Bargaining Agreement between Local 153 and Riverbay for the period February 1, 2007 through and including January 31, 2010

additionally provides that, "[a]ll work performed in excess of seven (7) hours per day and/or thirty five (35) hours per week shall be paid for at the rate of time and one-half the regular hourly rate of pay." See Bardavid Declaration, Exhibit 1 at p. 7. These same three provisions are contained in the Collective Bargaining Agreement between Local 153 and Riverbay for the period February 1, 2010 through and including January 31, 2013. See Bardavid Declaration, Exhibit 2 at p. 7.

At all relevant times named Plaintiff Jonathan Frias was a member of the Co-Op City Police Benevolent Association ("PBA"). See Ginsberg Affirmation, Exhibit O – Frias Deposition Transcript at p. 12. From September 24, 2012 until February 18, 2013 Rosaly Ramirez was a member of PBA. See Declaration of Kenneth Duchnowski, dated March 10, 2014 ("Duchnowski Declaration") at ¶27 fn. 1. From April 1, 2007 through September 23, 2012 Ms. Ramirez was classified as an exempt employee. See Duchnowski Declaration at ¶ 25. The Collective Bargaining Agreement between Riverbay and the PBA for the terms April 30, 2006 to March 14, 2010 provides that "[e]mployees when required to work on the sixth (6th) day, shall receive time and one-half regular rate of pay; and when required to work on the seventh (7th) day consecutively shall receive overtime at the rate of double time and one-half the regular daily rate of pay." See Bardavid Declaration, Exhibit 3 at p. 11. The Collective Bargaining Agreement between Riverbay and the PBA for the terms April 30, 2006 to March 14, 2010 additionally provides that "All work performed after or in excess of eight (8) hours a day shall be paid at the rate of time and one-half the regular rate of pay." See Bardavid Declaration, Exhibit 3 at p. 11. These same provisions are contained in the Collective Bargaining Agreement between Riverbay and the PBA for the terms March 15, 2010 to March 14, 2015. See Bardavid Declaration, Exhibit 4 at p. 11.

Rosaly Ramirez received nighttime differential pay during week ending 10/13/2012. This was the only week between April 1, 2007 and March 31, 2013 that Ms. Ramirez was entitled to and did receive nighttime differential pay and worked in excess of 40 hours.  See Duchnowski Declaration at ¶6, Exhibit A.

Jonathan Frias received nighttime differential pay during weeks ending 9/8/2007, 12/15/2007, 12/22/2007, 1/5/2008, 3/1/2008, 5/3/2008, 6/28/2008, 7/5/2008, 8/23/2008, 10/18/2008, 10/25/2008, 12/19/2009, 5/29/2010, 6/5/2010, 6/12/2010, 12/4/2010, 12/11/2010, 9/3/2011, 11/12/2011, 11/19/2011, 12/10/2011, 12/31/2011, 2/18/2012, 5/19/2012, 7/21/2012. These were the only weeks in which Mr. Frias was entitled to and did receive nighttime differential pay for the period April 1, 2007 through March 31, 2013 and worked in excess of 40 hours.  See Duchnowski Declaration at ¶7.

Katherine Bell received nighttime differential pay during weeks ending 2/4/2012, 2/11/2012, 6/23/2012, 8/4/2012, 8/25/2012, 12/1/2012 and 1/19/2013.  These were the only weeks in which Ms. Bell was entitled to and did receive nighttime differential pay for the period of April 1, 2007 through March 31, 2013 and worked in excess of 40 hours.  See Duchnowski Declaration at ¶8.

Lorna Thomas received nighttime differential pay during weeks ending 8/18/2007, 8/25/2007 and 9/1/2007.  These were the only weeks in which Ms. Thomas was entitled to and did receive nighttime differential pay for the period of April 1, 2007 through March 31, 2013 and worked in excess of 40 hours.   See Duchnowski Declaration at ¶9.

Linda Williams received nighttime differential pay during weeks ending 8/11/2007, 9/13/2008, 9/27/2008, 11/22/2008, 1/10/2009, 1/17/2009, 2/28/2009, 7/11/2009, 8/15/2009, 8/22/2009, 1/16/2010, 8/21/2010, 8/27/2011, 12/3/2011, 2/4/2012, 2/11/2012, 3/3/2012,

6

10/6/2012, 2/2/2013 and 3/23/2013.  These were the only weeks in which Ms. Williams was entitled to and did receive nighttime differential pay for the period of April 1, 2007 through March 31, 2013 and worked in excess of 40 hours.  See Duchnowski Declaration at ¶10.

Kenneth Duchnowski, Manager of Accounting and Auditing for Riverbay reviewed the payroll records of the Named Plaintiffs for all weeks in which any of them received nighttime differential for the six years prior to the initiation of this litigation (*i.e.* from April 1, 2007 through March 31, 2013) and also worked in excess of 40 hours in a week.  See Duchnowski Declaration at ¶24, Exhibit A   Mr. Duchnowksi compared the wages the Named Plaintiffs were paid during these weeks to what the Named Plaintiffs would have received under the Plaintiffs' theory; that is, straight time for all hours worked up to 40 in a week, plus overtime at time and one-half the regular rate of pay (including nighttime differential) for all hours worked in excess of 40 in a week.  Mr. Duchnowski determined that none of the Named Plaintiffs were owed any money on account of the alleged failure to include nighttime differential in the regular rate of pay.  Indeed, Mr. Duchnowski determined that for each week in which the Named Plaintiffs received nighttime differential they were overpaid.  See Duchnowski Declaration at ¶¶13-24.

Lastly, upon their termination Mr. Frias and Ms. Ramirez received payment in full for any unused compensatory time that they may have earned during their employment.  See Duchnowski Declaration at ¶¶26-27.

## ARGUMENT

### A. The Named Plaintiffs Are Not Owed Any Wages on Account of the Alleged Failure to Include Nighttime Differential in the Calculation of the Regular Rate of Pay for Overtime Purposes.

The Named Plaintiffs assert that Defendants failed to include earned nighttime differential pay when calculating overtime.  See Plaintiffs' Memorandum of Law at pp. 16-18 In support of their motion the Named Plaintiffs set forth the general principles regarding how nighttime differential is supposed to affect the calculation of the regular rate of pay for overtime purposes and general statements from employees in Riverbay's Payroll Department regarding how nighttime differential may or may not be used when calculating the regular rate of pay.  Id. Strikingly absent from the Plaintiffs' submission is any indication that to the extent that the Named Plaintiffs received nighttime differential pay it was during any week in which the Named Plaintiffs worked in excess of forty hours in week, which is fatal to their claims[1].  See Lundy v. Catholic Health Sys. of Long Island Inc.[2], 711 F.3d 106, 114 (2d Cir. 2013) ("in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."); Moon v. Kwon, 248 F. Supp. 2d 201, 227 (S.D.N.Y. 2002) ("New York law imposes similar overtime requirements, requiring employers to pay their employees for overtime at wage rate of 1 ½ time the employee's regular rate for hours worked in excess of 40 hours for nonresidential employees").

---

[1] The Named Plaintiffs also grossly overstate the number of hours they claim to have worked at night.  See Duchnowski Declaration at ¶3, Exhibit A.

[2] While Lundy addresses the issue of what a Plaintiff must plead to state a claim under the FLSA clearly if the failure by an employee to plead that they worked in excess of 40 hours warrants dismissal pursuant to FRCP Rule 12(b)(6) then the failure to prove that the employee worked in excess of 40 hours in any given week warrants denial of a motion for summary judgment.

Further, not only have Plaintiffs failed to establish that they are entitled to summary judgment on their nighttime differential claims, the undisputed record in this case makes clear that the Named Plaintiffs were not damaged by the alleged failure to include nighttime differential in the regular rate of pay. That is because the issue is not whether Riverbay included the nighttime differential pay when determining the regular rate of pay for overtime purposes. Rather the issue is whether, after taking into account any credits an employer may be entitled to under the law, the failure to include the nighttime premium in the regular rate of pay actually damaged the Named Plaintiffs. See Johnson v. D.M. Rothman Co., Inc., 861 F. Supp. 2d 326, 334 (S.D.N.Y. 2012). In Johnson, a case cited by the Named Plaintiffs, the Court granted an employer summary judgment on the majority of the employees' claims regarding nighttime differential as even if the employer did not include nighttime differential in the calculation of the regular rate of pay these employees were paid in excess of that required by the FLSA. See Johnson, 861 F. Supp. 2d at 334.

As with the plaintiffs in Johnson the Named Plaintiffs here were paid more than what was required by the FLSA and NYLL. Specifically, as set forth the Declaration of Kenneth Duchnowski, Mr. Duchnowski reviewed the payroll records and punch detail reports for the Named Plaintiffs for the six year period preceding the filing on this litigation and identified all weeks from April 1, 2007 through March 31, 2013 that the Named Plaintiffs were eligible for and received nighttime differential pay and also worked in excess of 40 hours. See Duchnowski Declaration at ¶¶4-10. Mr. Duchnowski then prepared a chart[3] (Exhibit A to the Duchnowski

---

[3] The chart prepared by Mr. Duchnowski is proffered under Rule 1006 of the Federal Rules of Evidence as it summarizes Riverbay's payroll and punch detail reports, all of which have been provided to the Plaintiffs in discovery and are further available for copying and inspection upon request. Further, while the calculations were performed by Mr. Duchnowski these calculations

9

Declaration) which summarizes all the weeks in which any of the Named Plaintiffs were eligible for and were paid a nighttime premium; the amount these employees were paid by Riverbay and compares that to the nighttime differential pay amount required to be paid under the FLSA and NYLL.  See Duchnowski Declaration at ¶¶11-24.  Mr. Duchnowkski's Declaration explains in detail how the calculations were performed.  Id.

During all weeks in which the Named Plaintiffs received nighttime differential pay and worked in excess of 40 hours in a week these employees were overpaid—that is they were paid more than required by the FLSA and NYLL taking into account the nighttime differential pay. See Duchnowski Declaration at ¶24, Exhibit A.  These overpayments are a result of the fact that the collective bargaining agreements that set forth the terms and conditions of the Named Plaintiffs' employment with Riverbay provide for the payment of contractual overtime of at least time and one half[4] for certain hours when they did not work forty hours in a week (for example for over 7 or 8 hours in a day, or for over thirty-five hours in a week) and also provide for payments for periods of time that some of the Named Plaintiffs were not working, including paid meal breaks.  See Declaration of Frank Apollo, dated March 10, 2014; Bardavid Declaration, Exhibit 1 at p. 7; Exhibit 2 at p. 7; Exhibit 3 at p. 11, and Exhibit 4 at p. 11.  These premium payments are both excluded from the calculation of the regular rate of pay, and serve as an offset for any alleged shortfall caused by the failure to include the nighttime differential in the regular rate of pay.  See 29 C.F.R. § 778.202 (noting that where an employee's contract provides for the payment of premium rates for work in excess of such normal or regular hours of work for the day

---

could easily be performed by counsel as well as this Court from records Defendants produced in discovery and are being provided for illustrative purposes.

[4] Members of Local 153 are eligible for double time for work performed on Sundays and members of the PBA are eligible for double time and one half for work performed on Sundays.

or week (such as 7 in a day or 35 in a week) the extra compensation provided by such premium rates, paid for excessive hours, is a true overtime premium to be excluded from the regular rate and it may be credited toward overtime compensation due under the Act"); 29 C.F.R. § 778.204; Johnson, 861 F. Supp. 2d at 334 (noting employer entitled to offset for payments of 2.5 hours a week for non-working time).

In sum, even when the nighttime differential is included in the regular rate of pay for overtime purposes, the Named Plaintiffs were paid in excess of the amount of overtime the FLSA and NYLL require.  Accordingly, as a matter of law, the Defendants, respectfully, are entitled to summary judgment on this claim.

### B. The Named Plaintiffs Have Failed to Establish that They Received Compensatory Time in Lieu of Hours Worked in Excess of Forty Hours in a Week

The Named Plaintiffs' partial motion for summary judgment on their claims that they received compensatory time in lieu of overtime suffers the same fatal defect as their motion regarding nighttime differential; that is, the Named Plaintiffs again set forth general principles of law and summarize general statements by employees in Riverbay's Payroll Department and certain collective bargaining agreements at Riverbay.  See Plaintiffs Memo at pp. 14-15.  The Named Plaintiffs again fail to establish that they received compensatory time in lieu of any hours worked in excess of forty hours worked in a given week.  As the Plaintiffs bear the burden of proof on this issue, said failure is fatal to their motion.  See Lundy, 711 F.3d at 114; Moon, 248 F. Supp. 2d at 227. Further, with regards to Ms. Ramirez, they ignore the fact that Ms. Ramirez was classified as an exempt employee for the period of April 1, 2007 through September 23, 2012 and was thus not eligible for overtime under the FLSA or NYLL.  See Duchnowski Declaration at ¶25.  For all these reasons the partial motion for summary judgment on this claim must fail.

### C. Rosaly Ramirez and Jonathan Frias Were Paid in Full for Any Compensatory Time the May Have Received

It is well settled that the, "FLSA's aim [is] that plaintiffs are entitled to be made whole, not to a windfall at the [Defendants'] expense." Ayers v. SGS Control Servs., Inc., 03 CIV. 9078(RMB), 2007 WL 3171342 (S.D.N.Y. Oct. 9, 2007). Further, courts have held that where an employee receives compensatory time in violation of the law the proper measure of damages is the value of the banked unused time not the total amount of compensatory time earned by an employee during the statutory period. See Lupien v. City of Marlborough, 387 F.3d 83, 88 (1st Cir. 2004); Scott v. City of New York, 592 F. Supp. 2d 501, 508 (S.D.N.Y. 2008).

The First Circuit's decision in Lupien is particularly instructive. In that case the Court found that the City of Marlborough's use of compensatory time was in violation of the FLSA. The plaintiffs in Lupien asserted that they were entitled to damages including the value of the compensatory time they received during the statutory period, regardless of whether they used and were paid for some of that compensatory time. The First Circuit rejected the plaintiffs' claim and held that the damages were limited to banked unused time. Lupien, 387 F.3d at 88. In reaching this conclusion the First Circuit noted that, "[t]his is not a case in which the employer forced employees to work overtime for free…it is uncontested that the plaintiffs received banked comp time for their overtime hours which they could use later…." Id.at 89. Indeed, in Scott v. City of New York, 592 F. Supp. 2d 501, 508 (S.D.N.Y. 2008)(Scheindlin, J.) the Court limited employees' damages in a FLSA case involving compensatory time to the value of the unused time recognizing that to hold otherwise would result in a windfall. The District Court opined:

> Plaintiffs presented two forms of damages calculations to the jury concerning their denial of use claim during their case-in-chief. One would award damages for every hour of compensatory time that plaintiffs earned during the statute of limitations period (the "accrued method"). The other would subtract from the accrued method total the number of those accrued hours that have been used (the

> "banked method"). Plaintiffs have requested an instruction that the jury use the accrued method to calculate damages on the denial of use claim. The FLSA states, "Any employer who violates the provisions of" this Act related to overtime "shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation." Thus the statute does not provide for damages when an officer has in fact received the statutory compensation for overtime worked … compensation for those particular hours was received in the form of compensatory time, and further compensation would constitute double-payment for those overtime hours. No court has ever utilized the accrued method of calculation.

Scott v. City of New York, 592 F. Supp. 2d 501, 507-08 (S.D.N.Y. 2008)(citations omitted)(ellipsis added).

Here it is undisputed that, to the extent that Mr. Frias and Ms. Ramirez received compensatory time during their employment at Riverbay, all unused compensatory time was paid in the form of cash to these employees upon the termination of their employment. See Duchnowski Declaration at ¶¶26-27. Thus, they do not have any unused banked compensatory time and are not entitled to damages for their claims. Accordingly, Defendants, respectfully, are entitled to summary judgment on this claim.

### D. The Plaintiffs' New York Labor Law and FLSA Overtime Claims Regarding Nighttime Differential and Compensatory Time are Preempted by Section 301 of the Labor Management Relations Act

It is well settled that where a claim is "inextricably intertwined with the terms of [a] labor contract," such claim is preempted by federal law pursuant to Section 301 of the Labor Management Relations Act. O'Rourke v. Carmen M. Pariso, Inc., 501 F.Supp.2d 445, 449 (W.D.N.Y. 2007) (quoting Allis-Chalmers v. Lueck, 471 U.S. 202, 213, 105 S.Ct. 1904 (1985). "When a state-law claim is substantially dependent on analysis of a collective-bargaining agreement, a plaintiff may not evade the pre-emptive force of § 301 of the LMRA by casting the suit as a state-law claim." Electrical Workers v. Hechler, 481 U.S. 851, 859 n. 3., 107 S.Ct. 2161

(1987).  See also Tand v. Solomon Schechter Day School of Nassau County, 324 F.Supp.2d 379, 383 (E.D.N.Y. 2004) (explaining that "Section 301 preempts state law claims in any case involving the interpretation of rights and responsibilities under a collective bargaining agreement, regardless of whether the plaintiff's claims sound in tort or contract.")

Here while the Defendants have moved to dismiss Plaintiffs' claims as they are preempted by Section 301 of the LMRA[5], Plaintiffs asserted that the Court on a motion to dismiss could not consider the collective bargaining agreements or other documents which Defendants assert were incorporated by reference in the Amended Complaint.  While Defendants dispute this assertion, these arguments can clearly be made on a motion for summary judgment.  Given that the claims regarding nighttime differential and compensatory time will require the Court to determine whether and under what circumstances an employee was eligible for compensatory time and nighttime differential these claims are preempted.  See Salamea v. Macy's E., Inc., 426 F. Supp. 2d 149, 155 (S.D.N.Y. 2006) (holding wage claims preempted where, "the resolution of these disputes will require interpretation of the CBA"); Hoops v. KeySpan Energy, 794 F.Supp.2d 371 (E.D.N.Y. 2011) (dismissing FLSA claim where, "the Court would ultimately have to determine whether certain contractual shift differentials should be included in the Plaintiff's regular rate for the purpose of overtime calculation.")  Thus, for this additional reason Named Plaintiffs' partial motion for summary judgment should be denied and the Defendants' motion for partial summary judgment should, respectfully, be granted in its entirety.

---

[5] 29 U.S.C. § 185.

## CONCLUSION

For the foregoing reasons, Named Plaintiffs' Motion for Partial Summary Judgment should be denied in its entirety and Defendants are entitled to summary judgment on the Named Plaintiffs' claims concerning nighttime differential and the compensatory time claims asserted by Jonathan Frias and Rosaly Ramirez, together with such other and further relief as the Court deems proper and necessary.

Yours, etc.,

TRIVELLA & FORTE, LLP

_/s/ *Jonathan Bardavid*_____
By:  Jonathan Bardavid (JB 0072)
*Attorneys for the Defendants*
*Riverbay Corporation,Marion Scott Real Estate, Inc.,*
*Vernon Cooper, and Peter Merola*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone:  (914) 949-9075
Facsimile:  (914) 949-4752

To: Lee S. Shalov, Esq.
Brett Gallaway, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
lshalov@mclaughlinstern.com

Louis Ginsberg, Esq.
Matthew Cohen, Esq.
Law Firm of Louis Ginsberg, P.C.
1613 Nothern Blvd.
Roslyn, New York 11576
Telephone: (516) 625-0105 x 13
lg@louisginsberglawoffices.com

*Attorneys for the Plaintiffs*