# TRIVELLA & FORTE, LLP
### ATTORNEYS AT LAW
1311 MAMARONECK AVENUE, SUITE 170
WHITE PLAINS, NEW YORK 10605
(914) 949-9075/FACSIMILE (914) 949-4752

July 7, 2014

**VIA ECF WITH COURTESY COPY TO COURT VIA FACSIMILE TO (212) 805-4268:**
Magistrate Judge Gabriel W. Gorenstein
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Ramirez, et. al v. Riverbay Corp., et. al
      Docket No. 13-CV-2367 (JGK)

Dear Magistrate Judge Gorenstein:

      This office is counsel to the Defendants in the above-referenced action. Pursuant to Your Honor's Individual Rules we write seeking to compel responses to Defendants' Interrogatories to Opt-In Plaintiffs, which were served on March 5, 2014.

      As Your Honor may recall this action was commenced by five current or former employees of Riverbay Corporation ("Riverbay") pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law. The Named Plaintiffs commenced this action on behalf of themselves as well as allegedly similar situated Riverbay employees. The Named Plaintiffs allege five separate wage and hour violations: 1) That they were required to perform off-the clock work, that is work before they clocked in or after they clocked out; 2) that they were subject to automatic time rounding of 15 minutes if they arrived late or left early and/or that they were not paid from the minute they punched in to the start of their shift or from the end of their shift and when they punched out; 3) that they received compensatory time in lieu of overtime; 4) that they were required to work through their uncompensated meal break; and 5) that their nighttime differential pay was not included in the regular rate of pay when calculating overtime. On December 20, 2013, the Court granted the Plaintiffs' motion to conditionally certify this action as a collective action under the FLSA.

      In order to determine which claims, if any, the Opt-In Plaintiffs were asserting, Defendants served basic interrogatories tied to the allegations in the Amended Complaint. On March 25, 2014 a conference was held before Your Honor regarding these interrogatories. After Your Honor resolved the parties' dispute it was agreed that Plaintiffs would have 30 days from March 25th to provide responses to said interrogatories for the first set of Opt-In Plaintiffs[1], and

---

[1] At the time of the March 25th conference Defendants had provided payroll and contact information for approximately 50 Opt-In Plaintiffs.

Case 1:13-cv-02367-JGK-GWG   Document 209   Filed 07/07/14   Page 2 of 3

Magistrate Judge Gabriel W. Gorenstein
July 7, 2014
Page 2 of 3.

would have fifteen days from being provided the payroll information and telephone numbers for Plaintiffs who subsequently joined the litigation to provide responses for said individuals.

On April 24, 2014 Plaintiffs provided interrogatory responses for 68 of the 130 opt-in Plaintiffs for whom contact information was provided by Defendants. These interrogatory responses were not verified and Plaintiffs requested an extension of 30 days to obtain the additional responses and required verifications. In light of Plaintiffs' counsel's representation that some of the telephone numbers provided were out of service and that they had sent multiple letters to the Opt-In Plaintiffs, Defendants granted said request. Throughout the opt-in period, Defendants continued to provide the requisite payroll information and contact information for the additional plaintiffs who opt-ed into the litigation and Plaintiffs continued to provide interrogatory responses on a rolling basis.

During the opt-in period and thereafter the parties have had several e-mail and telephone discussions regarding the status of the outstanding responses. On each occasion Plaintiffs' counsel indicated that they were diligently working to provide the responses and did in fact provide some additional responses. As such, Defendants did not seek to raise this issue with Your Honor as it did not appear ripe for court intervention at that time.

To date, 170 individuals have opted into the litigation and Defendants have provided the contact information and payroll records for these individuals. Nonetheless, only 94 of the 170 Opt-In Plaintiffs have responded to the interrogatories, only 50 of which were verified as required by Rule 33 of the Federal Rules of Civil Procedure. As such, on June 30, 2014, a telephonic meet and confer was held. Plaintiffs were represented by Lee Shalov, Esq. and Brett Gallaway, Esq. and Defendants were represented by Christopher Smith, Esq. and myself. During this conversation Plaintiffs admitted that they had not provided all responses as required and further indicated that they were unable to provide a date certain by which the outstanding responses would be provided. They indicated that they made efforts to contact the Opt-In Plaintiffs by telephone and/or mail and that despite these efforts they had not obtained all the required responses. They further conceded that the issue was ripe for intervention by Your Honor.

It is well settled that Opt-In Plaintiffs have an obligation to participate in the discovery process and that Opt-In Plaintiffs' claims can be dismissed for failing to respond to interrogatories. See Gordon v. Kaleida Health, 08-CV-378S F, 2013 WL 2250431, *5-*7 (W.D.N.Y. May 21, 2013); Hamelin v. Faxton St. Luke's Healthcare, 5:08-CV-1219 DNH/DEP, 2010 WL 3430406, *4 (N.D.N.Y. July 19, 2010) report and recommendation adopted, 5:08-CV-1219, 2010 WL 3433987 (N.D.N.Y. Aug. 27, 2010). Discovery is scheduled to close on July 28, 2014 and Defendants motion to de-certify the class is due on August 8, 2014. The interrogatory responses are critical to Defendants' anticipated de-certification motion as they may establish, amongst other things, the limited nature of the claims. See Hamelin, 2010 WL 3430406 at *4 (noting "[t]he prejudice to the defendants in not being able to garner the basic information regarding these [opt-in] plaintiffs through the interrogatories is manifest"). Given Plaintiffs' counsel's inability to provide verified responses for the majority of the opt-in Plaintiffs, it is respectfully requested that Your Honor order the Opt-In Plaintiffs to provide verified responses

Magistrate Judge Gabriel W. Gorenstein
July 7, 2014
Page 3 of 3.

by July 18, 2014, with the order stating any Opt-in Plaintiff failing to provide the required verification to this office by July 18, 2014 will be dismissed from the lawsuit.

Thank you for the Court's kind attention to this matter. Please notify this office of the Court's decision.

Respectfully submitted,

TRIVELLA & FORTE, LLP

*/s/ Jonathan M. Bardavid*

Jonathan M. Bardavid (JB 0072)

cc: L. Shalov, Esq./B. Galloway, Esq. (Plaintiffs' Counsel) (via e-mail).